UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

ANA DANTON,                                                Case No.: 19-19062-RAM
                                                           Chapter: 13
    Debtor.
_____/

**RESPONSE TO OBJECTION TO CLAIM NO. 5-1
FILED BY BAYVIEW LOAN SERVICING, LLC**

    Bayview Loan Servicing, LLC ("Secured Creditor"), by and through undersigned counsel, hereby files its response to the Debtor's Objection to Claim #5-1 (the "Objection") (Doc. No. 30), and in support thereof states:

    1.    <u>Debtor's Bankruptcy Case:</u>   This case was commenced by the filing of a voluntary Chapter 13 petition on July 9, 2019 (the "Petition Date") by Ana Danton (the "Debtor").

    2.    <u>Collateral:</u>   Secured Creditor holds a mortgage lien against the Debtor's real property located at 11318 SW 147th Place, Miami, FL 33196 (the "Property").

    3.    <u>Secured Creditor's Claim:</u>   Secured Creditor timely filed Proof of Claim # 5-1. The filed Proof of Claim reflects a total secured claim in the amount of $242,602.90, arrearages in the amount of $64,585.68 and an on-going monthly mortgage payment in the amount of $2,104.65 ($1,327.29 for principal and interest and $777.36 for escrow).

    4.    <u>Plan</u>: Debtor's First Amended Plan (D.E. 29) provides for a mortgage cure of the Property and provides for arrearages in the amount of $56,049.27 and an on-going regular payment in the amount of $1,327.29.

5.      Objection:    The Debtor alleges the projected escrow shortage and other pre-petition debt has not been incurred therefore cannot be included within the claim. The Debtor also alleges the escrow cannot be included within the monthly payment as the loan modification agreement treats property taxes and insurance outside of the regular monthly mortgage payment.

6.      Pursuant to Rule 3001, Federal Rules of Bankruptcy Procedure, a proof of claim executed and filed in accordance with Rule 3001 shall constitute prima facie evidence of the validity and amount of the claim.   The Claim was executed and filed in accordance with Rule 3001 and therefore, constitutes prima facie evidence of the amount of the claim.

7.      Specifically, the Claim was executed and filed in conformance with the Official Proof of Claim Form (the "Official Form") pursuant to Rule 3001(c)(1)(C) which requires the Creditor to run an escrow analysis at the time of filing and list any escrow shortage.  The Official Form specifically includes an area in Part 3 of the Proof of Claim Attachment where any escrow shortage must be included.  Moreover, the Official Form does in fact include the language "projected escrow shortage," however, the shortage itself is not actually projected.  The shortage is based on the projected escrow disbursements over the next year but, the escrow shortage is actual as it is produced because the escrow account did not have the required escrow account balance pursuant to the RESPA guidelines.  Therefore, the claim should be allowed as filed.

8.      Pursuant to the Mortgage, the loan is to be escrowed. The Loan Modification does not remove the escrow component of Debtor's mortgage payments. Additionally, Debtor alleges the loan is not escrowed however has not provided proof that the Debtor has paid taxes or insurance on the Property. A review of the Miami-Dade County Tax Collector website provides that Creditor and prior servicers have paid property taxes on the Property. Additionally, Secured Creditor has paid insurance on the Property. Further, the Escrow analysis included in the Proof

of Claim provides for the payments that have been made by Secured Creditor for taxes and insurance.

9. Secured Creditor reserves the right to supplement and/or amend this Response.

WHEREFORE, the Secured Creditor requests that the Court enter an order overruling the Debtor's Objection to Claim, and for such other and further relief as the Court deems just and proper.

                                                  McCalla Raymer Leibert Pierce, LLC

By: */s/Kenia Molina*
Kenia Molina
Florida Bar No. 0085156
Attorney for Creditor
110 S.E. 6th Street, Suite 2400
Ft. Lauderdale, FL 33301
Phone: 954-332-9426
Fax: 954-332-9426
Email: kenia.molina@mccalla.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 13, 2019 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail, First Class to Ana Danton, 11318 Southwest 147 Place, Miami, FL 33196.

By:     */s/Kenia Molina*

Kenia Molina

- Keith S Labell klabell@rasflaw.com, klabell@rasflaw.com
- Paul A Meadows pmeadowsesqbankruptcy@gmail.com, pmeadowsesqbankruptcy@gmail.com
- Nancy K. Neidich e2c8f01@ch13miami.com, ecf2@ch13miami.com
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- April H Stone astone@tromberglawgroup.com, ecf@tromberglawgroup.com